IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RODNEY A. HOLMAN,**

                **Petitioner,**

     v.                                    CASE NO. 08-3192-RDR

**SHELTON RICHARDSON,**
**Warden, Leavenworth**
**Detention Center,**

                **Respondent.**

### O R D E R

This petition for writ of habeas corpus[1] was filed by an inmate of the Leavenworth Detention Center, Leavenworth, Kansas (LDC), and treated as filed pursuant to 28 U.S.C. § 2241, because Mr. Holman was not convicted and sentenced within this federal judicial district[2]. Petitioner alleges he is serving a sentence imposed by the State of Maryland that begun on August 16, 1995, of 22 years and 19 days for distribution of narcotics, handgun violations, and rape. He claims he is being illegally detained at the LDC and seeks immediate release.

As grounds for this Petition, Mr. Holman claims he was "illegally transferred" from Maryland to the LDC on July 23, 2008, and that the transfer, and the agreement and Maryland state statute pursuant to which it was effectuated, are invalid, have violated his

---

[1] Petitioner filed a Petition (Doc. 1) and then an "Amendment" to his Petition (Doc. 2). It is apparent he does not understand that an Amendment would completely supercede the prior Petition. The court finds it is petitioner's obvious intent to supplement rather than amend his Petition. The Amendment is therefore treated as a Supplement, adding to rather than replacing the Petition.

[2] To challenge his state sentence or conviction, petitioner would have to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the federal district within which he was sentenced and convicted.

due process rights, and the intent of the sentencing judges[3]. He argues that jurisdiction was improperly changed from the State of Maryland to federal authorities. He also claims he is illegally being treated "as a federal inmate" when he has no federal charges, and seeks return to the State of Maryland. However, he also makes the somewhat contrary complaint that Warden Richardson is "allowing the State of Maryland to dictate how he is to be treated" in LDC, and argues that rules applying to federal inmates at LDC, such as those regarding segregation time and inmate pay, must also be applied to him. In addition, he claims that he received a lengthy punitive segregation in Maryland, which he was appealing when he was transferred, and now is unable to appeal[4]. Finally, he complains that he is being subjected to cruel and unusual punishment having been sent so far away from Maryland, and yet still being required to serve his punitive segregation.

**FAILURE TO PAY FILING FEE**

In order to proceed in this action, petitioner must either pay the filing fee of $5.00 or submit a motion for leave to proceed without prepayment of fees. 28 U.S.C. § 1915 requires that a prisoner seeking to bring an action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified

---

[3] As support for this claim, petitioner alleges only that he was sentenced to the custody of Maryland Division of Corrections.

[4] Petitioner alleges no facts whatsoever in support of his allegation that since his transfer to the LDC he cannot proceed with his administrative appeal of the disciplinary proceedings and sanction imposed in Maryland. Generally, appeals of disciplinary proceedings are by written objections, and the court is apprised of no reason why petitioner could not submit written appeals to the Maryland authorities from the LDC or seek assistance at the LDC to process his appeals.

2

copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).  The clerk shall be directed to provide forms for filing a proper motion under 28 U.S.C. § 1915(a), and petitioner will be given time to pay the fee or submit a motion.  If petitioner fails to satisfy the filing fee within the prescribed time, this action may be dismissed without prejudice and without further notice.

**FAILURE TO STATE A CLAIM**

Under 28 U.S.C. § 2241(c)(3), "The writ of habeas corpus shall not extend to a prisoner unless" he is "in custody in violation of the Constitution or laws of treaties of the United States."  Over twenty years ago, the United States Supreme Court reviewed the claim of an inmate from Hawaii that his transfer to the mainland violated his constitutional rights and held:

> Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular state.

Olim v. Wakinekona, 461 U.S. 238, 245-46.  The Court reasoned that many states have statutes (like Maryland's) and there are corrections compacts between state and federal authorities that provide for the incarceration of one state's prisoner in the prison of another state or in the federal prison system, and "[i]t is

3

neither unreasonable nor unusual[5] for an inmate to serve practically his entire sentence in a State other than the one in which he was convicted and sentenced, or to be transferred to an out-of-state prison after serving a portion of his sentence in his home State." Id. at 246-47.  The Court concluded that "[c]onfinement in another State . . . is within the normal limits or range of custody which the conviction has authorized the State to impose."  Id. at 247. Moreover, the Tenth Circuit Court of Appeals held in Garcia v. Lemaster, 439 F.3d 1215 (10th Cir. 2006), that provisions within the Interstate Corrections Compact under which an inmate is subjected to an out-of-state prison's procedures for classifying inmates housed in that state's prisons do not impose an "atypical or significant hardship" on the inmate.  Id. at 1219.

    Mr. Holman alleges no facts indicating that pertinent Maryland statutes or regulations created a constitutionally protected liberty interest in his remaining in Maryland, and instead challenges the state law and agreement pursuant to which he was transferred. However, he also fails to present any facts indicating that either the state statute or the agreement authorizing the transfer is unconstitutional.  His challenges to a Maryland statute as unconstitutional must be presented in the courts of the State of Maryland[6].

---

[5] Petitioner's conclusory claim of cruel and unusual punishment is not supported by any factual allegations.  The U.S. Supreme Court in Olim specifically noted and rejected arguments that the transfer amounted to "exile" or "banishment" not justified by the inmate's sentence, and caused hardships including separation from family, home, friends, difficulty in making contact with counsel, and interruption of rehabilitative and educational programs.  Id. at 248 FN9.  In any event, claims regarding conditions of confinement in the transferee prison are not properly raised in a habeas corpus petition seeking immediate release.

[6] Petitioner has also failed to show that he has exhausted either prison administrative or state court remedies on any of his claims.

4

For the foregoing reasons, the court concludes that petitioner alleges no facts or arguments showing he is "in custody in violation of the Constitution or laws of treaties of the United States." He will be given time to show cause why this action should not be dismissed for failure to state a claim for relief under 28 U.S.C. § 2241.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to submit the filing fee of $5.00 or a Motion for Leave to Proceed Without Prepayment of Fees; and in which to show cause why this action should not be dismissed for failure to state a claim.

The clerk of the court is directed to transmit forms for filing a Motion to Proceed Without Prepayment of Fees to petitioner.

**IT IS SO ORDERED.**

**DATED:  This 2nd day of September, 2008, at Topeka, Kansas.**

<u>s/RICHARD D. ROGERS</u>
**United States District Judge**