```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**RODNEY A. HOLMAN,**

                **Petitioner,**

            v.                 CASE NO. 08-3192-RDR

**SHELTON RICHARDSON,**
**Warden, Leavenworth**
**Detention Center,**

                **Respondent.**

### O R D E R

This petition for writ of habeas corpus, 28 U.S.C. § 2241, was filed by an inmate of the Leavenworth Detention Center, Leavenworth, Kansas (LDC). Petitioner alleges he is serving a sentence, imposed by the State of Maryland in 1995, of 22 years and 19 days for distribution of narcotics, handgun violations, and rape. He claims he is being illegally detained at the LDC and seeks immediate release or transfer from the LDC.

Upon initial screening of this Petition, the court entered an Order finding petitioner had not satisfied the filing fee prerequisites, and giving him time to either pay the fee or submit a motion to proceed without prepayment of fees. In the same Order, the court found petitioner alleged no facts showing he is "in custody in violation of the Constitutional or laws or treaties of the United States," and gave him time to show cause why this action should not be dismissed for failure to state a claim for relief under 28 U.S.C. § 2241.

In response to the court's prior Order, Mr. Holman filed an

Application to Proceed Without Prepayment of Fees (Doc. 4), including financial information[1] indicating it may be granted based upon the current balance in his inmate account. He also filed a "Motion to Supplement Petition" (Doc. 5)[2], in which he requests that his habeas corpus action not be dismissed and "states why." Having considered all the materials in the file, the court finds this action must be dismissed for failure to state a claim for federal habeas corpus relief.

In its prior Order, the court considered each of petitioner's claims in his Petition and first Supplement (Doc. 2), found they failed to state a claim, and cited authority for its findings. In his response (Doc. 5), petitioner argues this action should not be dismissed for the reasons stated by the court because he was sentenced to a "prison" and LDC is not a prison, and there are benefits available in a Maryland state prison that are not being provided to him at the LDC[3].

Petitioner's argument that his transfer and detention is illegal at the LDC because it is not a "prison" is frivolous and

---

[1]  The court notes that petitioner was in prison several years in Maryland and yet provides financial information only from the LDC and for less than one month. Petitioner has not met his responsibility to provide financial information from every institution in which he was confined within the six months immediately preceding the filing of this action.

[2]  Since petitioner styled this as a Motion to Supplement (Doc. 5), rather than simply as his response, the court will grant the motion. However, the "motion" is also his supplemental response, and has been filed and fully considered by the court in making its decision.

[3]  Two privileges petitioner mentions as unavailable at the LDC are the ability to earn reclassification from maximum to medium or minimum security, and to participate in work release. His classification is a matter within the discretion of his immediate custodian, and his own allegations indicate he is serving time in segregation as the result of disciplinary proceedings. He alleges no facts showing he is currently eligible for work release in Maryland.

2

does not entitle him to relief.

Petitioner's other allegations and arguments also fail to show cause why this action should not be dismissed as well as to state a claim for relief. The court comments upon a couple of reasons alleged in petitioner's response. Petitioner claims that in a Maryland prison he could be earning "up to 20 days a month" off his sentence by working or going to school, and the same opportunity for sentence credit is not available at the LDC. In the first place, petitioner alleges no facts to support this claim, such as how much credit off his sentence he actually received while confined in Maryland for work and school and the content of any state statutes or regulations entitling him to such credit. Secondly, the claim that he is being denied credit toward his Maryland sentence to which he would be entitled if confined in a Maryland prison is one that he must have fully presented through administrative remedies within the Maryland Department of Corrections and in the Maryland state courts before it may be considered in federal court[4]. Lastly, it is settled that a prison inmate has no federal constitutional right to either work or go to school while incarcerated. Thus, no federal constitutional claim is presented by these conclusory allegations.

In his Petition, Mr. Holman claimed he received a lengthy punitive segregation in Maryland, which he was appealing before his

---

[4] While petitioner's security classification and other conditions are determined by his immediate custodian at the LDC, sentence credit is generally determined by the transferor State.

3

transfer, but was unable to appeal at the LDC.  The court found that petitioner alleged no facts in support, noting he provided no reason why he could not submit written appeals to the Maryland authorities from the LDC.  In his response, petitioner continues to argue that he "cannot proceed with his administrative appeal of his the disciplinary proceedings and sanctions imposed" in Maryland.  However, he still fails to provide any reason why he cannot submit his written appeals to Maryland authorities.  The disciplinary hearing was already held in Maryland, and sanctions were imposed.  Petitioner does not need to fly back to Maryland or be able to attend a hearing to proceed with his administrative appeals.  Nor is he entitled to have disciplinary sanctions ignored simply because he has been transferred to another institution to serve his sentence.

Finally, petitioner adds in his response that he "cannot get the same proper medical treatmeant (sic) in a detention center" as in a prison.  In support of this claim, he allege he is "right now" being denied "a test for Hepatitis C and diabetes" that he could get done if he were in a Maryland prison.  However, he also queries, "what if the petitioner really is infected?"  A claim of denial of medical treatment is a challenge to an inmate's conditions of confinement, rather than the legality of his detention, and must be raised in a civil rights complaint naming the person as defendant who has actually denied the inmate's

4

request for medical treatment[5].  Such a claim is generally not grounds for earlier release from prison, and therefore is not properly raised in a petition for habeas relief.  Moreover, petitioner does not state that he has been diagnosed with or has presented obvious symptoms of a serious medical need, which is a required element of any denial of medical treatment claim.  Accordingly, the court finds that these allegations do not state a claim for federal habeas corpus relief.

For the foregoing reasons and for the reasons stated in the court's Order dated September 2, 2008, the court finds petitioner has alleged no facts or arguments showing he is in custody in violation of the Constitution or laws of the United States.  The court concludes this action must be dismissed and all relief denied for failure to state a claim under 28 U.S.C. § 2241.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Leave to Proceed Without Prepayment of Fees (Doc. 4) is granted; and his Motion to Supplement his Petition (Doc. 5) is granted.

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied.

**IT IS SO ORDERED.**

**DATED:  This 5th day of March, 2009, at Topeka, Kansas.**

---

[5] The filing fee for a civil rights complaint is $350.00, rather than $5.00, which is for a habeas petition.

5

                                        **s/RICHARD D. ROGERS**
                                        United States District Judge

6